MARSH <em>vs.</em> BADCOCK.

A contract made between the indorsor and indorsee of a promisory note, at the time of the indorsement, that the indorsee shall not prosecute the maker of the note within a certain limited time, takes the case out of the law merchant; and if, at the expiration of such time, the indorsee, use due diligence in his pursuit of the maker of the note, and fail of collecting it, the indorsor is liable.

*Windsor,*
June,
1824.

THIS was an action of *assumpsit* brought by the indorsee of a promissory note against the indorser.

On trial upon the general issue, the defendant's counsel excepted to the opinion of the Court, in excluding certain evidence offered on the part of the defendant. The grounds of the exception will appear from the following case made at the time of the trial:

On the trial of said action, the plaintiff produced the note described in his declaration, indorsed in the month of Sept. 1820, as therein set forth, and proved by witnesses that one Theophilus Cushing had agreed with the plaintiff to let him have some money, and procure for him the said note. That Cushing paid the defendant for said note, and Marsh paid Cushing. That Marsh, the plaintiff, requested the witness to procure the note to be indorsed by

Windsor,
June,
1824.

Marsh
vs.
Badcock.

Badcock, the defendant, that he (Cushing) told the defendant that the note was for Marsh, and the defendant requested Cushing to inform Marsh that he had agreed to wait on Porter, the maker of the note, until the first of March, 1821, a year from the date of the note, and requested no cost made on the note till the year expired. And that the defendant indorsed the note blank, and Marsh was informed of the agreement made with Porter and of the defendant's request aforesaid. And it was further proved that Marsh informed Mr. Lyman, his attorney, with whom he left said note for collection, that such was the agreement upon which he received said note. That the defendant, after Porter became insolvent, and on the day of his commitment to prison, was notified for the first time that the note was not paid, and that Porter was going to gaol on the execution issued upon the judgment rendered upon said note, and that the defendant told said Porter, when he came to be committed to gaol on said execution, to go home ; for he, the defendant, was holden to pay the note. That when said Porter swore out of gaol, the said defendant told the plaintiff's attorney that he was not holden to pay said note as indorser, but did assist in trying to prevent Porter's being admitted to the poor debtor's oath after being informed by the plaintiff's attorney that he could not thereby prejudice himself. That the defendant then acknowledged that the plaintiff was to sue the note if it was not paid within the year. The plaintiff further proved, that he obtained a confession of judgment on said note, December 19th 1820, with an agreement that execution should not issue till the 1st of March then next following. That on the 21st day of said March, the plaintiff gave out to the Sheriff an execution upon said judgment, which execution was dated the 5th day of March. That Porter was committed to prison the 4th of April following, and swore out of gaol the 21st of said April.

The defendant then offered to show in his defence, that Porter was in good circumstances, and had sufficient personal estate to enable the plaintiff to enforce the collection of his said demand and execution. That till the 7th of said March, said Porter had a farm worth $400, and a yoke of oxen worth $60, which he then sold, and yet had remaining, for several days afterwards, personal estate, such as cattle, horses, colts, carts, &c. that might have been levied upon to to the full amount of said execution, had it been

16

*Windsor,*
June
1824.

Marsh
*vs.*
Badcock.

given to an officer. To which evidence the counsel for the plain-. tiff did object, and the same was excluded by the Court. To which decision, excluding said evidence, the defendant excepted —which exception was allowed.

And now, at the same term, the cause came on to be heard on a motion made by the defendant to set aside the verdict which had been returned for the plaintiff and for a new trial.

*Hutchinson* in support of the motion.

The defendant contends that he ought to have been admitted to prove in his defence, that Porter, the signer of the note, was good and able to respond, and had personal estate sufficient to enforce the collection, had due diligence been used by the plaintiff in issuing execution, and that all delay of the plaintiff in pursuing the maker of the note before notice to the plaintiff of non-payment, kept the risk upon him, the plaintiff, and he ought not afterwards to shift it off upon the defendant.

Notice of non-payment was as necessary and as much required by law in this case as if the plaintiff had come back without suit. Nothing excuses the want of notice back. The defendant had full right to presume the debt was paid after March 1st, till he had notice of non-payment. Anth. N. P. 49, Copper *v.* Powell and Willis. Same 68, Miller *v.* Hackley et al. Same 150, Assignees of Myers and Judah *v.* Coleman. Doug. 449. 5 Bur. Rep. 2607. 1 T. R. 107, Tindall et al. *v* Brown. 11 East. 114, Esdail et al. *v.* Sowerby and Meller.

*W. Lyman* for the plaintiff, contended,

1st.—That the agreement entered into at the time of the sale and transfer of said note, was an independent contract, which should receive a common law construction, and the rules and principles of the *law merchant* have no application to this case. 4 Mass. 414.

2dly.—Notice to an indorsor of a demand, and refusal of payment by the maker, is a personal privilege which the indorsor has a perfect right to waive ; and in this case, the indorsor, by annexing the above condition at the time of the sale and transfer of the note, and by his conduct at the time the original debtor was committed to gaol, did waive all right to notice of non-payment. Copp *v.* M'Dougall, 9 Mass. 1. Putnam et al. *v.* Sullivan et al. 4 Mass. 45. Jones *v.* Fales, 4 Mass. 245.

If an indorser of a bill or note, after it has become due, and not paid by drawer or maker, promise the holder to pay the same, a previous demand on the drawer or maker, and due notice to the indorsor, is to be presumed, and need not be proved. 3 John. 68. 16 John. 152.

Windsor,
June,
1824.

Marsh
vs.
Badcock.

If an indorsor of a bill or note, after it has become due, and not paid by the drawer or maker, promise the holder to pay the same, a previous demand on the drawer or maker, and due notice to the indorsor, is to be presumed, and need not be proved. 3 John. 68.   16 John. 152.

It seems that the defendant, after notice of the refusal of payment on the day of the commitment of the original debtor, and with a full knowledge of all the facts, controlled the demand by ordering the original debtor to go home, and requesting the officer not to commit him to gaol.   This it is apprehended is tantamount to a promise to pay the debt.

3dly.   The indorsee was bound to use no more than ordinary diligence in prosecuting the maker of the note, and giving out the execution within thirty days after the first day of March, 1821, to wit, on the 21st, was using that due diligence which the law requires.

AIKENS J. delivered the opinion of the Court.

This case does not fall within the reason, and consequently not within the rules of the law merchant.

The simultaneous agreement between the plaintiff and defendant, as negotiated and proved by Cushing, and the indorsement of the note, were parts and parcels of the same transaction. Justice cannot be done between the original parties to this agreement, without giving such a construction to the whole transaction, as will carry their understanding into effect.   The agreement on the part of the plaintiff to delay the collection of the note a year, according to the request of the defendant, and the understanding that if was not paid within that time, he, the plaintiff, was to sue the *maker*, are conditions to an indorsement inconsistent with the rules of the law merchant.

The indorsement, therefore, as between these parties, can be regarded only as evidence of a *guaranty* that if the plaintiff delayed the collection according to the understanding, and then pur-

*Windsor,*
June,
1824.

*Marsh*
*vs.*
Badcock.

sued the *maker* of the note, with ordinary diligence, such as the law presumes the payee would have made use of, he should be able, by such pursuit, to recover his money. Such diligence, it is conceived by the Court, has been used by the plaintiff, and he has failed to recover his debt of the maker. The evidence offered by the defendant, and rejected by the Court, would not have altered the case. The defendant, as guarantor, or surety in that event, is, therefore, liable. Justice having been done by the verdict, the defendant's motion is denied, and

Judgment must be entered on the verdict.