## HARRY HILL vs. DANIEL WAIT.

In an action, to give a justice of the peace exclusive jurisdiction, the *ad damnum* must not be laid over, nor the sum in demand appear from the declaration specification or exhibit of the plaintiff to be more, than ten dollars.

A judgment rendered on voluntary confession of the debtor, by a justice of the peace who is related to the creditor within the 4th degree of affinity, is void for want of jurisdiction.

Although an officer having an execution legal upon its face, issued on such judgment would be justified in levying and collecting the same, yet he is not liable for neglecting so to do.

This was a suit originally commenced before a justice of the peace, and was carried up to the County Court by an appeal entered by defendant.

It was an action against an officer for neglecting to serve and return an execution in favor of the plaintiff.— Plea not guilty. The declaration set forth a judgment upon which the execution was issued of $5,30 damages and 25 cents costs, and concluded to the damage of the plaintiff $20,00. At the May Term of the County Court 1830, the plaintiff moved to dismiss the cause on the ground of want of jurisdiction. This motion was overruled.

At the October Term 1830, upon trial of the cause, the

GRAND ISLE,
January,
1831.

Hill
vs.

defendant offered to prove that the judgment upon which the execution in question was issued, was rendered on confession before Ezra Pike, jr. who was related to the plaintiff within the 4th degree of affinity. To the admission of this evidence the plaintiff objected, which objection was overruled, and the evidence admitted.

The defendant then proved that said Pike was related to the plaintiff as aforesaid, and that this fact was known to the defendant when he had the execution in his hands.—— Whereupon the Court decided that the judgment and execution were void, and therefore that defendant was not guilty. To this decision the plaintiff excepted, and this exception and also the question in relation to the jurisdiction of the Court below now come up here for consideration. The names of counsel, and the brief of the defendant have not been furnished by the judge who decided the case.

*Plaintiff's Counsel.*—1. The judgment mentioned in the plaintiff's declaration is not void.—*Stat.* 131.

Taking a confession is not a judicial act any more than taking the acknowledgement of a deed is a judicial proceeding. The magistrate in either case merely certifies an admission. By the words "any cause" in the 23d section of the act, p. 131, the legislature can mean nothing more than what in technical language is called "an action."— That is "the lawful demand of our rights" in a court of justice.

The effect which the law gives to a confession, cannot determine the nature of the act by which the confession is authenticated.

2. The justice had jurisdiction of the subject matter in this case. Besides the debtor has the right expressly given him by the 21st section of same act to tender a confession to any creditor before any justice; and the debtor thereby acquires certain rights without the consent or any act of the creditor.

The debtor in this case availed himself of this privilege and the defendant now seeks to avoid the voluntary act of the debtor after it has been accepted by the creditor. It must certainly be by some unbending rule of law, that the

GRAND ISLE,
January,
1831.

Hill
vs.

defendant can be permitted to set up this defence. What right or interest has he in the agreements of the plaintiff and his debtor.

3. The County Court erred in not dismissing the appeal. Stat. 140.

The sum demanded does not exceed ten dollars, though the ad damnum is twenty dollars. Where the declaration furnishes the rule of damages, the ad damnum is mere form. This action is against an officer for neglecting to levy, and making a false return upon an execution for the sum of $5,55. The thing or sum demanded is ascertained by the liability incurred by the officer for neglecting to levy this execution. This liability is measured by, and cannot exceed the amount of the execution.

PADDOCK, J.—Two questions are presented by these exceptions for the consideration of the Court. 1. Whether the County Court had appellate jurisdiction; or in other words, whether the writ was so drawn as to give the justice of the peace exclusive jurisdiction. The declaration sets forth a judgment of $5,30 damage and 25 cents costs, and concludes " to the damage of the plaintiff $20,00." The question has long been agitated in the lower Courts whether the ad damnum or the cause of action declared on should be the criterion in determining the jurisdiction of a justice of the peace; and the practice is very unsettled, particularly in cases where their adjudication is final; and the decision of our County Courts have not been uniform in sustaining appeals of that character; but in some cases have been governed by the amount of the plaintiff's demand, and in others by the amount of the ad damnum; and it is of little consequence which shall be adopted, compared with the necessity of having the question put at rest. In the case of Church vs. Van Duzer decided last week in Franklin county, the plaintiff in an action of book debt, had laid his ad damnum at $10 and the amount which he exhibited before the justice amounted to $10,60; an appeal was taken to the County Court, and a motion to dismiss for want of appellate jurisdiction was overruled, and this Court affirmed the judgment. Again, in the case of Reynolds and Wife vs. Robinson, decided on writ of error in Franklin

County 1822, the *ad damnum* was $20, the amount *on oyer* was $1,50, the County Court on motion, dismissed the action for want appellate jurisdiction,and this Court reversed their decision ; and it would seem that the point to be decided in this case, falls directly within the decision last cited; for where the Court has the question of jurisdiction before them, it is immaterial whether the amount of damage is to appear from the declaration or a specification of the claim ; and as the case of *Reynolds and Wife* vs. *Robinson,* the defendant in error, must be considered as settling the law where the *ad damnum* is laid over $10 ; so ,does the case of *Church* vs. *Van Duzer,* where the amount exhibited is over $10,and both were appealable. And the Court are unanimous in the opinion, that to give the justice exclusive jurisdiction, the *ad damnum* must not be laid over, nor the sum in demand appear from the declaration, or specification or exhibits of the plaintiff, to be more than $10.

GRAND ISLE,
January,
1831.

Hill
vs.

The jurisdiction of the justice being sustained, our next enquiry is, whether Ezra Pike could legally render a judgment in favor of this plaintiff; they being related within the 4th degree of affinity. In the 23d section of the act defining the powers of a justice of the peace, it is declared " that no justice of the peace shall take cognizance of any cause, where he shall be within the 1st, 2d, 3d, or 4th, degree of affinity or consanguinity to either of the parties, or shall be directly or indirectly interested in the cause or matter to be determined." And in the case of *Bates* vs. *Thompson, reported in 2d, Vol. Chip. R.* 96, it was determined by the Court, that the entering up of a judgment by a justice of the peace, upon the voluntary confession of the debtor, was *taking cognizance of a cause,* within the meaning of this section ; and as the justice was the owner of the demand upon which he took the confession, the record was adjudged void ; and we see no reason for calling in question the propriety of that decision ; therefore the judgment against Pettis upon which the execution in question issued, must be pronounced void.

As it respects the execution, it being legal upon the face of it, would have justified the officer had he levied and collected the amount of Pettis ; and yet the plaintiff cannot recover of him in a charge of neglect of duty in not col-

GRAND ISLE,
January,
1831.

Hill
vs.

lecting and paying the amount over; for in this as well as in other cases, to make an officer liable for neglecting to collect an execution the plaintiff must show a judgment that is not void. For these reasons, the judgment of the County Court must be affirmed.

Judgment affirmed.

HUTCHINSON, C. J. *dissented.*—I am not fully satisfied, that the decision now made, pursues the principle we have adopted in some other cases. Allusion is made to the case of *Robertson & Wife,* before this Court several years ago. I fully approve of that decision, as it is stated. It is said the plaintiff, in his action on book before a Justice of the Peace, laid his *ad damnum* at twenty dollars; but exhibited an account of only one or two dollars. He recovered; and the defendant appealed; and the plaintiff moved to dismiss the appeal, because the action was not appealable. The Supreme Court correctly decided, that this motion of the plaintiff should not prevail; because he had brought such an action, that, for ought appearing in his declaration, he might prove himself entitled to recover twenty dollars; and his offering evidence to prove less than ten dollars, when he might or might not have more in his power, should not deprive the defendant of his right of appeal. In the case before us, the *ad damnum* is twenty dollars, but the cause of action, particularly described, shows that the plaintiff can not be entitled to recover any more than five dollars and fifty five cents, being the amount of the execution delivered to the defendant, to collect, adding interest upon that sum for a short time. There is no allegation of any special damage resulting from the defendant's neglect. It is not easy to conceive of any damage that could exist beyond the loss of the debt; but if any existed, it could not be recovered without a special allegation. In an action of trover for converting a five dollar Bill, the measure of damages would be no more fixed and certain at five dollars and the interest, than they are in this case at five dollars and fifty five cents and the interest.—For this reason, I think the action was not appealable.—Where the cause of action, thus described, gives a rule for certain damages, the sum in the *ad damnum* may be consid-

ered accidental and unimportant. We have just decided, at St. Albans, that an action was appealable, where the *ad damnum* was ten dollars only, yet the account exhibited in evidence exceeded that sum. So, in Baker *vs.* Blodget, where the action was not appealable in itself, it was decided to have become so by the plaintiffs plea in offset. In another case still, we have decided, that a fictitious offset should not render the action appealable. We may not yet have seen all the questions, that may be raised about the ten dollar jurisdiction of justices. But I fully agree with my brethren, that an appeal must be allowed, where the *ad damnum* exceeds ten dollars, and the case presented in the declaration, is one of uncertain damages, like trespass, or case for some wrong, where the damages must necessarily be uncertain; but not so where the sum is necessarily below ten dollars, as in the case now decided.