WASHINGTON COUNTY MUTUAL INS. CO. v. ELISHA MILLER.

SAME v. WILLIAM H. FRENCH.

SAME v. EDMUND WHITNEY.

*Jurisdiction of Justices of the Peace. Appeal. Premium notes to Insurance Companies, how regarded under the Statute.*

A premium note to an Insurance Company, in these words, " For value received, in policy No. —, dated the 8th day of January, 1849, issued by the Washington County Mutual Insurance Co., I promise to pay said Company the sum of twenty-one dollars, in such portions and at such time or times as the directors of said Company may, agreeably to their act of incorporation, require," was held to be a promissory note payable by instalments, at the election of the payee, and that it must be regarded as a note for the full amount specified, as much as if it were payable absolutely in instalments.

The final jurisdiction of a justice on such a note must be determined by the amount of the note, without reference to the amount due by the assessment.

ASSUMPSIT on the following note, " For value received in pol-" icy No. 41650, dated the 8th day of January, 1849, issued by " the Washington County Mutual Insurance Company, I promise " to pay said Company the sum of twenty-one dollars in such por-" tions and at such time or times as the directors of said company " may, agreeably to their act of incorporation, require. Dated " the 3d day of January, 1849.

(Signed) "ELISHA MILLER."

The action was originally brought before a justice of the peace and came to the county court by appeal. It appeared that on the 14th day of January, 1851, the directors of said company, in conformity with their act of incorporation required assessments to be made, in order to meet its losses and expenses, on the written obligations taken from its members, under contracts of insurance similar to defendant's promise, and assessed the defendant $5,60, on the note above recited, and on the said 14th day of January, 1851, notified the defendant of said assessment and required him to pay it. The plaintiffs claim, in this suit, to recover the assessment and interest.

The suit against French was on a like note dated the 19th day

of October, 1847, for the sum of $18,60 ; the assessment on said note sought to be recovered was $5,33.

The suit against Whitney was on a like note, dated the 17th day of April, 1850, for $6,65, assessment $1,33.

In each of the three cases the *ad damnum* in the writ is $30, and the cases were appealed by plaintiffs.

The defendant in each case, filed his motion to dismiss the suit and appeal.

The County Court, March Term, 1853,—PECK, J., presiding— rendered judgment on the motion to dismiss, in each case for the defendant, and dismissed the three suits.

Exceptions by plaintiffs.

*H. Allen* for plaintiffs.

I. The contract described in the plaintiffs' declaration is not a promissory note, for the reason that the obligation to pay any sum depends entirely upon a contingency. Story on Promissory Notes 1 § 1. *Union Turnpike Co.* v. *Jenkins,* 1 Caine 380. *Cook* v. ———, 6 Cowen 108. *Worden* v. *Dodge,* 4 Denio 159.

II. If the contract is not a promissory note, the suits are appealable, as the *ad damnum* is more than $10. Comp. Stat. 239 § 76. *Hill* v. *Wait,* 5 Vt. 124. *Fuller* v. *Howard,* 6 Vt. 561. *Church* v. *Vanduzen,* 4 Vt. 195. The question as to the original jurisdiction of a justice of the peace, and of exclusive jurisdiction are entirely distinct. Comp. Stat. 233 § 20. Comp. Stat. 239 § 76. *Hill* v. *Wait,* 5 Vt. 124. *Fuller* v. *Howard,* 6 Vt. 561. *Church* v. *Vanduzen,* 4 Vt. 195. *Maxfield* v. *Scott,* 17 Vt. 636. *Bishop et al.* v. *Warner,* 22 Vt. 591.

III. If these contracts are promissory notes, then the action against Miller is appealable. *Sumner* v. *Jones,* 24 Vt. 317. *Tyler* v. *Lathrop,* 5 Vt. 170.

*Phelps & Chittenden* for defendants.

I. The actions are *upon notes,* not exceeding twenty dollars in each. Such is the form and effect of the contracts declared on. The term "*notes*" is not used in the statute in the commercial, but in the ordinary sense. 7 Vt. 22. 16 Vt. 220. 17 Vt. 549. 19 Vt. 308. 22 Vt. 301. The amount of the note in Miller's case is over twenty dollars. But as by its terms, it is only payable in

assessments, and as only $5,60 has been assessed or is demanded in the declaration, the case is within the statute.

II. The *matter in demand* is less than ten dollars in each suit. This distinctly appears from the declarations, as well as from the specifications.

The *ad damnum* being thirty dollars does not alter the case. Where the declaration sets out and limits the claim, that is "the matter in demand." The *ad damnum* can not extend it and does not effect the jurisdiction. *Bishop et al.* v. *Warner,* 22 Vt. 591. *Thompson* v. *Colony,* 6 Vt. 9. *Perkins* v. *Rich,* 12 Vt. 595. *Persons* v. *Center Turnpike Co.,* 20 Vt. 170.

The opinion of the court was delivered by

REDFIELD, CH. J. These are suits upon premium notes executed to the plaintiffs by members of the company, who have taken policies of insurance of the company. The first premium note is for $21, and the assessment is $5,60. The second note is for $18,60, and the assessment $5,33. In the third case the note is for $6,65, and the assessment is $1,33. The suits are brought to recover only the assessment of course. In each case the *ad damnum* in the writ is $30

Under the decisions in this state, since the case of *Hill* v. *Wait,* 5 Vt. 124, which have uniformly followed that case, it would follow, that if the contracts sued in these cases are not notes they were all appealable. The rule there laid down is, " To give a jus-"tice exclusive jurisdiction, the *ad damnum* must not be laid over, " nor the sum in demand appear, from the declaration, specifica-"tion, or exhibit of the plaintiff to be more than ten dollars." That very action was upon a claim as definite as these claims are, and which so appeared by the declaration, and was below $10, clearly and obviously, in every possible view. Still, as the plaintiff had put his *ad damnum* at $20, the court held the case to be appealable, thus giving the plaintiff the option in the class of claims, which are not notes or settled accounts, and are below $10 to make them final, or appealable, by the *ad damnum* in his writ. This is different, be sure, from the rule established in certain classes of contracts, in regard to the extent of justice jurisdiction. In these cases, if the claim is of a fixed character, and the amount due appears upon the claim, as a bond or judgment, the limits of jus-

tice and county 'court jurisdiction cannot be varied by the *ad damnum* merely. *Southwick et al.* v. *Merrill* 2 Vt. 320. But in regard to the final jurisdiction of a *justice the* rule is clearly otherwise.

And the Revised Statutes have not altered the rule in this respect. The terms used are more specific and definite in expressing the rule than was that of 1821. The Revised Statutes and Compiled Statutes also, use the very words "*ad damnum*" in the plaintiffs' writ, with the other terms found in the opinion of the court in *Hill* v. *Wait.* The present statute is an enactment of the decisions of the court upon this subject, under the former statute, and is as specific and explicit, as words can be. There is no room left for construction upon the subject. If the *ad damnum* is more than $10, the case is appealable, unless it is a note or settled account. But the *ad damnum* being less than $10, does not necessarily make the case final. If the declaration or specification of the claim show it to be more than $10, that too will make the case appealable.

It remains then to inquire whether these suits are upon notes, within the meaning of the statute. It is not claimed that these contracts are in the commercial sense promissory notes. There is no doubt a degree of contingency about these contracts, which would have destroyed their negotiability, if they had been made payable to order, or bearer. So that they would not be in the common law sense promissory notes probably. But in this State, as will appear, by our Reports, we have regarded a great variety of contracts, which are mainly in the form of promissory notes, as such for many purposes, although deficient in some of the common law requisites of that class of contracts, such for instance as notes not payable in money, and notes payable, more or less, upon contingency. The latter class of contracts, if made in the general form of a promissory note, are allowed to be declared upon, as importing a consideration. And it is probable, that in this statute, and some others the expression "note" is used to include more than strictly promissory notes. And we incline to the opinion, that these contracts, although depending somewhat upon contingency, for their ultimate payment, both as to the time, and the amount, must still be regarded as notes, within this statute. They are in the general form of a promissory note. Setting forth in

what the value received consists is well enough in a promissory note in strict commercial usage. These notes contain an absolute promise to pay to the company the several amounts specified at such time or times as the directors may (agreeably to their act of incorporation).require. This is in terms a promise to pay on demand. We cannot know judicially, that the directors of this company cannot assess the full amount of their premium notes at once. And I presume the fact is, that if they should assess the whole amount, it might not be very easy to resist paying it in a suit at law. And it is of course supposable that they, may need the whole amount. Such contingencies have happened to some companies, and may again. And in this case, so far as we can perceive, it depends upon the mere discretion of the directors of the company, how much, and at what times, they will require payment. The notes, in terms, only make the contingency one of time. And in the case of the *Goshen Turnpike Co.* v. *Hustin*, 9 Johns. 217, a note to the company for stock, " payable in such manner and proportion, and at such times and places, as the President, Directors, and Co., should from time to time require," was held a cash note, within the statute, and negotiable, thus virtually overruling the case of the *Union Turnpike Co.* v. *Jenkins*, 1 Caines 381, which was relied upon by plaintiffs in the argument, and which in fact seemed to me very much in point. But I am satisfied, that the case in 9 Johns. is more consonant to the spirit and reason of the thing, as it is regarded in this state, certainly. But I should certainly doubt the full extent to which the case goes in considering the note as negotiable. But that it is a note, according to the immemorial usage in this state there can be no question.

And if a note, it is one for the amount specified. If it is not a note till the assessment, it is not one at all. It is, in that view, a promise to pay the assessments merely; and is no more a promissory note than the policy, which contains probably the same undertaking, and is a simple contract. But we think this is, at least a note, payable by instalments, at the election of the payee, on a discretion, and must therefore be regarded as a note for the full amount expressed, as much as if it were payable absolutely in instalments. In such case, if the instalment was below $100, it might probably be sued before a justice, by alleging that fact in the declaration, although the present statute is not so favorable to

such a view on this point, as the former statute was.    But in regard to the final jurisdiction of a justice, it is determined by the amount of the note, without reference to the amount due.    And as in passing upon one instalment, the validity of the whole note might come in question and be determined, we should not deem it expedient to render the justice's judgment final by construction merely.

The result is, that in the case of Miller the justice's judgment was not final, and the judgment of the county court dismissing the appeal, is reversed and the case remanded, and in the other cases the judgments are affirmed.

NOTE.—I find that the case of *Union Turnpike Co.* v. *Jenkins*, upon which the plaintiffs rely, was reversed in the court of errors in *Jenkins* v. *U. T. Co.*, 1 Caines cases in Errors 86.   So that the law of New York, with reference to which place this contract was executed probably, is that such a note is a cash note and negotiable by the law merchant.