SAMUEL N. COBURN AND HIS WIFE, CAROLINE COBURN *v.* JOHN
E. CHAMBERLIN.

*Sheriff.   Execution.*

The fact, that an execution issued for a less sum than that for which judgment
was rendered, constitutes no defence for a sheriff who has collected it, either
by himself or his deputy, in an action for not paying to the creditor the
money so collected.

Neither is it any defence in such a case, that the action was not commenced
for the default, until after both the sheriff and deputy had gone out of
office.

CASE against the defendant, as sheriff of Orange County, for
the neglect of Abel Lyman, his deputy, in not paying over to the
plaintiffs the amount of an execution in favor of the plaintiff
Caroline Coburn, which he had collected.

The case was tried at the January Term, 1858, of the Orange
County Court, — BARRETT, J., presiding, — on an agreed state-
ment of facts, as follows :

The plaintiff Caroline Coburn, before her marriage to Samuel
N. Coburn, recovered a judgment against Benjamin F. Abbott
and Gilman Tarbell, for two hundred and sixty-eight dollars and
ninety cents damages, and twenty-three dollars and fifty cents
costs, and, by the mistake of the attorney and the clerk of the
court, took out execution thereon for a less .sum than the judg-
ment by one hundred dollars, the difference being in the amount
of damages.   This execution was placed in the hands of Abel
Lyman, then the deputy of the defendant, who was then sheriff
of Orange County, for collection.   Lyman collected the amount
of the execution of the debtors, but has never paid it to the plain-
tiffs, though requested so to do on the 28th of April, 1856.
Lyman paid to the creditor's attorney so much of such execution
as was for costs of suit.   Both the defendant and Lyman had
ceased to be sheriff and deputy before the commencement of this
suit.

Upon these facts,. the county court rendered judgment for the
plaintiffs for the amount of the damages named in the execution,
with interest from the time of the judgment to April 28th, 1856,

Coburn and wife *v.* Chamberlin.

and interest at fifteen per cent after that time, to which the defendant excepted.

*P. Perrin*, for the defendant, cited *Wilson* v. *Fleming*, 16 Vt. 649 ; *Sherwin* v. *Bliss,* 4 Vt. 96 ; *Downer* v. *Dana*, 22 Vt. 22 ; *Jones* v. *Spear*, 21 Vt. 426 ; *Bond* v. *Wilder*, 16 Vt. 393 ; *Hill* v. *Wait*, 5 Vt. 124 ; *Kidder* v. *Barker*, 18 Vt. 454 ; *Bank of Rutland* v. *Parsons*, 21 Vt. 199 ; *McDonald* v. *Bunn*, 3 Denio 45 ; *Clark* v. *Foxcroft*, 6 Greenleaf 296 ; *Peirce* v. *Jackson*, 6 Mass. 242 ; *Hooper* v. *Lawe*, 59 E. C. L. 560 ; *People* v. *Dunning*, 1 Wend. 16 ; *Graham* v. *Witherby*, 53 E. C. L. 514 ; *Bennett* v. *Lawrence*, 1 Eng. L. & Eq. 260 ; *Grossby* v. *Arkwright*, 5 E. C. L. 281–604 ; *Henry* v. *Chester*, 15 Vt. 460 ; *Jameson* v. *Paddock*, 14 Vt. 491.

*William Hebard*, for the plaintiffs, cited *Bank of Whitehall* v. *Peties*, 13 Vt. 395 ; *Laroche* v. *Wasbrough*, 2 Term 737 ; *Bissell* v. *Kip*, 5 Johns. 100 ; *Campbell* v. *Cumming*, 2 Burr. 1187.

REDFIELD, Ch. J. This is an action against the defendant, as sheriff, for not paying over money collected on execution by his deputy.

The defence is, that the execution issued for a less sum than the judgment by one hundred dollars.

It is claimed that the execution was void, and that, therefore, the officer is liable to refund the money to the debtor. It is true, no doubt, as has been often decided in this State, that such an execution is void as to the creditor, and all persons having any agency in suing it out and enforcing it, except the officer. As to him, the execution, being valid upon its face, is a good justification for collecting the money, and he can not be compelled to refund it to the debtor. He might have justified a refusal to collect the execution, probably, by showing it void as to the creditor, not being founded upon any such judgment as described. But not having chosen to take that course, but having collected the money, he surely can not retain it himself. He must surrender it to the creditor who is liable to the debtor, either to refund the money, or to apply it upon the judgment upon which it was designed to be paid.

That an officer may refuse to collect an execution good on its face, if it be not founded upon any judgment valid as to the creditor, has been several times decided by this court; *Hill* v. *Wait*, 5 Vt. 124. But this rule will not affect the liability of the sheriff in the present case, as it seems to us.

It makes no difference that both the sheriff and his deputy were out of office before the bringing of the suit. The sheriff being fixed with the liability, remains liable till the money is paid over, or he is in some other way released from the duty, which is not shown in this case.

And that the creditor by taking out such an execution lost his lien upon the property attached, will not avail the officer if he still collected the money, as in this case.

We think the judgment should be affirmed.