## THOMAS J. CHAMBERS v. JAMES HODGES, ADMINISTRATOR.

The abuse, by an agent, of a general power to represent his principal in a pending suit, by an unauthorized confession of judgment, renders him responsible to his principal for such abuse of trust, but his acts are binding on the latter, so far as they affect the rights of third persons.

A petition for an injunction against a judgment, and for a new trial of the case in which it was rendered, presented to a district judge for his action, in vacation, and on which he endorsed his refusal to act, (having been originally counsel in the cause,) on a writ of error to revise the judgment, constitutes no part of the record, and cannot be noticed by the court, even if incorporated in the transcript.

After the rendition of judgment in this court, a suggestion of diminution of the record, cannot be heard, after the expiration of the term, as a ground for vacating the judgment.

An application for re-hearing in this court comes too late after the expiration of the term at which judgment is rendered; and an application thus made, too late, suspended for a hearing, and finally refused, does not suspend, or affect the judgment, or prevent the running of the statute of limitations, (O. & W. Dig. C. S. Art. 1347, p. 510,) requiring writs of error to judgments and decrees to be granted within two years from the time such judgment or decree shall have been made final.

The affirmance by this court, of a void judgment, imparts to it no validity; and it may be vacated, and its execution enjoined, at any time.

The constitution and laws of the Republic of Texas, in force on the 15th November, 1842, contained no provision forbidding a judge of the District Court to sit in any case in which he had been of counsel. The constitution of the

state contains such a prohibition, (Art. 4, sec. 14,) and it seems, that under the laws in force in 1842, the fact of having been of counsel, did not incapacitate the judge to sit, to entertain a confession of judgment in the case.

The statute in force in November, 1842, recognized interest as a disqualification of the district judge to sit in judgment in the case, and has always been deemed a disqualification.

A waiver by the parties to a suit, of an exception to the presiding judge, who was disqualified to sit on account of interest, cannot give jurisdiction, or capacitate a person, legally incompetent, to sit in the case; and a judgment thus rendered, though by confession, is void. The consent of parties cannot remove his incapacity, or restore his competency against the prohibitions of the law; which was designed, not merely for a protection of the party to the suit, but for the general interests of justice.

ERROR from Liberty. Tried below, before the Hon. C. W. Buckley.

This suit was instituted on the 29th of January, 1851, by the appellant, against Henry Hodges, the appellees' intestate, to enjoin and vacate a judgment, obtained by the said Henry Hodges against the said Chambers, on the 15th November, 1842, for $300, and costs of suit.

The original case was carried to the Supreme Court, by writ of error, prosecuted by Chambers, about the 3d of May, 1843. In the Supreme Court, on the 10th of July, 1844, on motion of the plaintiff in error for a *certiorari*, the clerk of the court below was ordered to send up a more full and perfect transcript of the record, upon suggestion of diminution. At the same term, an *alias* citation was granted. At the succeeding term, 23d December, 1845, it was continued; and at the December term, 1846, the judgment was affirmed, with ten per cent. damages. On the 22d of April, 1848, on motion of the plaintiff in error for a rehearing, the same was granted, and the cause reinstated on the docket; which order was set aside, and the application for a rehearing refused, at the December term, 1848, the entry on the minutes of the court, on that ruling, being as follows: "This cause coming on to be heard, the same having been decided by this court at the December term, 1846, and the same being considered, because it seems to the court here, from the previous

8

entries in this case, it would appear, that the application for a rehearing, and to reinstate this cause on the docket, had been granted, and not that an argument only had been ordered, on the legal power of this court to grant a rehearing, as was designed and intended by this court; and it being deemed advisable that the necessary correction should be made, and the mandate revoked and a new one issued: it is ordered, adjudged, and decreed, that the order granting a rehearing in this cause be set aside and revoked, and the application for the same refused. That the mandate formerly issued be revoked and annulled, and that a mandate do now issue, to the end that the judgment of this court, rendered at the December term, 1846, may be observed and fully executed; and the plaintiff in error pay all costs of this cause in this court expended, as well as the costs in the court below expended, and this decision be certified below for observance." (See Chambers v. Hodges, 3 Texas Rep. 517.)

Before prosecuting the writ of error in the case above referred to, Chambers had, (about four months after the rendition of judgment in the District Court,) on the 18th March, 1843, presented to the Hon. P. C. Jack, district judge, before whom the judgment was rendered, a petition, seeking to enjoin the judgment, and asking for a new trial, on the ground that G. S. Thomas (who confessed the judgment as the agent of Chambers) had no authority so to do, nor to waive the incompetency of the judge. That he had a just defence against the demand of Hodges, who was, indeed, largely indebted to him, and setting forth reasons excusing himself for not having made the application for a new trial at the term when the judgment was rendered. The district judge declined to act on this petition, and endorsed thereon his reasons, which were, that he was originally of counsel for the plaintiff in the original suit. On the 18th April, 1843, Chambers presented to the same judge a petition for a writ of error to the Supreme Court, and supersedeas, which he refused to grant, endorsing thereon, in substance, the same reason therefor, as on the application in the petition for the injunction and new trial.

The entries from the minutes of the District Court, showed that the cause was continued on account of the judge having been of counsel; and it also appeared, that the cause had, during its pendency, been twice continued for the defendant, Chambers, on the affidavit of the said G. S. Thomas, acting as his agent in that behalf. The judgment was rendered by the confession thereof made by the said Thomas, as the agent of the defendant, Chambers.

There appeared on this record no statement of facts, but among the papers filed in the original suit, and incorporated herein, was the letter referred to in the opinion in this case, from the plaintiff in error to G. S. Thomas. It was long, and much of it devoted to giving instructions to Thomas in relation to various acts to be done by him in certain suits in which he (Chambers) was concerned, in the District Court, in Liberty county. So much of this letter as is important, is contained in the following extracts:

"NEW ORLEANS, July 30th, 1840.

"I do not know exactly when I shall get back; but it shall not be very long. If by any accident, I should not reach Liberty, by next court, be very particular in having my business attended to. If you should not previously settle with Moor, do not go to trial without my witnesses being present: viz: Thomas Johnson, Bazille and Stephen ——. I think I can prove by them, that he is not entitled to what he claims. They are also, absolutely necessary in the case of Hodges." "If any other suits should be brought, have them postponed."

To this letter was attached a certificate from Thomas, to the effect that, during the absence of Chambers from Texas, from July 30th, 1840, to January 1843, he did not give him (Thomas) a written power of attorney, but promised to write to him instructions from time to time, for the government of his agency in behalf of said Chambers; that he (Chambers) had since informed him that he did so, but that the foregoing letter was the only one he ever received. An affidavit to the same effect substantially, was attached to the petition for injunction.

The petition in this case, set forth the rendition of the judgment complained of, and charged that the same was obtained by the fraudulent collusion of Hodges with the said Thomas, by which the latter was induced to confess the judgment, (the mind of the said Thomas then being greatly impaired by habitual intoxication, but now restored) before the said district judge, who had previously been the attorney for said Hodges in the said suit, and was to get a part of the judgment for a fee. The petition alleged the want of authority or agency of Thomas, either to confess judgment, or to waive the incompetency of the judge. The petition also alleged the facts hereinbefore set forth, in regard to his applications to the said judge for a new trial and injunction, and that the said petition, thus acted on by the refusal of said judge to take action thereon, was soon afterwards abstracted from the record, or mislaid, so that the plaintiff in this suit could not have it embraced in the transcript of the case, which was sent to the Supreme Court; and that no definite action of the court had been had upon it. That the said petition, with the judge's refusal to act, endorsed thereon, had been recovered and restored to the papers of the cause, and was now brought before the court for determination thereon. Certain costs were complained of as excessive and unjust, and there was a prayer for the correction and re-taxation thereof. Injunction granted.

The defendant filed an answer to the merits, also a demurrer, motion to dissolve the injunction, &c. The death of Henry Hodges was suggested, and the appellee made a party, as his legal representative.

The court, by its judgment, sustained the demurrer to the petition, except as to that part which sought to supersede the execution as to the costs, and to re-tax the same, and struck out the items of cost complained of; revived the original judgment against the complainant in this suit, as to principal, and interest; and adjudged the costs of this suit against the defendant (except such as might have been heretofore adjudged against the plain-

tiff, Thomas J. Chambers) to be paid in due course of administration.

The plaintiff in error among other grounds, assigned as error the following.

1. The court erred in sustaining the demurrer of the defendant.
2. The judgment of affirmance of the Supreme Court, was rendered upon an imperfect transcript or record of the cause, not presenting it fully and fairly to the consideration of the court.
3. The said Supreme Court rendered its said decision, under a mistaken impression, with regard to the transcript of said cause.

*T. J. Chambers,* for himself.

WHEELER, C. J.—Several grounds are relied on as entitling the plaintiff to the relief sought. Those which are deemed to require notice are : 1st, That · the judge presiding when the judgment was rendered, was incompetent to sit in the cause. 2d, That the person who appeared and confessed the judgment, as attorney for the defendant, acted without authority. 3d, That the record before the Supreme Court when the judgment was there affirmed, was imperfect.

In reference to the last two grounds, it will suffice to observe, that they are not supported by the exhibits referred to by the plaintiff. The letter to the attorney, Thomas, does not show a want of authority, but rather the contrary. Having, as appears, a general authority to represent the defendant in the suit, if the attorney disobeyed the instructions of his client, or abused his trust, he was responsible to his principal for the abuse of trust, but his acts were binding on the latter, as affecting the rights of · third persons. (Merritt v. Clow, 2 Texas Rep. 582.)

The alleged defect in the record, on which this court acted in affirming the judgment, appears to have consisted in the absence of a petition addressed to the district judge, some months after the term of the court at which the judgment was rendered,

asking an injunction and new trial, and the indorsement upon it by the judge, of his refusal to grant the prayer of the petition, because he had been originally of counsel in the case.

This paper manifestly constituted no part of the record of the case brought to this court by the writ of error, and could not have been noticed by the court, if it had been incorporated in the transcript. Besides, a suggestion of diminution of the record, could not be heard after the term, as a ground for vacating the judgment. The judgment of the District Court, which it is now sought to enjoin and review, was rendered at the Fall Term, 1842; and it was affirmed by this court, at the December Term, 1846. This suit was instituted in January, 1851. In so far as it sought to bring under review the merits of the original judgment, on any other ground than its alleged nullity, it was barred by the statute. (Hart. Dig. Art. 2385, p. 783.) The application of the appellant in the judgment affirmed by this court at the December Term, 1846, for a re-hearing, and the judgment refusing the application, at the December Term, 1848, (Chambers v. Hodges, 3 Texas Rep. 517,) did not suspend or affect the judgment formerly rendered, or prevent the running of the statute. It determined, that the application for a re-hearing came too late, after the term had passed, and left the former judgment as it stood at the term at which it was rendered.

The only question which remains to be considered is, whether the judgment of the District Court was void by reason of the alleged incompetency of the judge presiding at the time of its rendition. If so, it must be conceded, that the judgment of affirmance rendered by this court, could not impart to it validity, but would itself be void by reason of the nullity of the judgment appealed from. (Horan v. Wahrenberger, 9 Texas Rep. 313.) If a void judgment, it may be vacated and its execution enjoined at any time.

The material allegation of the petition, to show the nullity of the judgment, is, that it was obtained before a judge who was "incompetent in the cause, because he was the attorney of the said

Hodges in the said suit, and, as your petitioner is informed and believes, was to get a part of the judgment for a fee."

For the purposes of the demurrer, this allegation, in so far as it states matters of fact, must be taken as true; and the first inquiry which arises is, was the judge thereby rendered incompetent to sit in the case? Two causes of incompetency are alleged; first, the having been of counsel for the plaintiff in the cause; secondly, being interested in the judgment.

When the record of the judgment was brought before this court by appeal, and upon the application for a rehearing, (Chambers v. Hodges, 3 Texas Rep. 517,) the former of these grounds only was thereby presented. The pleadings were signed by other persons as attorneys for the parties respectively; but there were entries showing that the cause had been "continued, the judge having been of counsel;" and the entry of the final judgment contained the following recital: "All exceptions to the competency of the judge, waived by defendant's agent, S. G. Thomas, and judgment confessed," &c. On that occasion, the chief justice said, "The judgment was not a nullity, and could not be treated as such, nor could a reversal be expected, when no objections to its validity, or even to any alleged errors, were presented to the court, by brief, or otherwise. All these objections must be regarded as having been adjudged and disposed of, and as no longer open to judicial examination or revision by this, or any other tribunal." (Id. 533.)

This opinion, it seems, must have proceeded on the ground, that the having been of counsel did not incapacitate the judge to sit, to entertain a confession of judgment in the case. We have been referred to no provision of law in force at the time, nor are we aware of any, which forbade a judge of the District Court to sit in any case in that court in which he had been of counsel. The constitution of the state contains such a prohibition, (Art. 4, sec. 14;) but there was none such, that we are aware of, in the constitution or laws of the republic, in force at the time of the rendition of this judgment. Interest seems to have been the only recognized disqualification of a judge of the District Court

to sit in that court, (Act of 24th May, 1838, sec. 8.) To this the having been of counsel, was made an additional disqualification, to take part in the decision of a cause in the Supreme Court, (Act of December 15th, 1836, sec. 20;) but the provision was not made in terms to apply to the District Court. Our opinion upon the effect of the alleged interest of the judge will dispense with the necessity of a final opinion at present, upon this question.

· The statute in force at the time of the rendition of the judgment, as we have seen, recognized interest as a disqualification. It required the judges to alternate for the trial of causes in their courts, in which they were interested. Interest has always been deemed a disqualification of the person having the interest, to sit in judgment in the case. It has even been said, that an act of parliament which should make a man a judge in his own case would be void, for that it is not to be supposed that the legislature could have intended such a consequence. A person cannot be both judge and party. The statement of the case involves a contradiction in terms. A man cannot be a judge in his own case. Supposing it to be true, as alleged, that the presiding judge was to receive a part of the judgment as a fee, he was an interested party, and was consequently incompetent to sit in the case.

Could the parties remove his disqualification by their waiver of exceptions, and thus render him competent to sit in the case, and render judgment by confession ? It would seem not. Consent cannot give jurisdiction, or capacitate a person legally incompetent to sit in judgment in a case. (Wynns et al. v. Underwood, 1 Texas Rep. 48; Oakley v. Aspinwall, 3 Comstock, 547.) Accordingly, it has been held, that a judgment, rendered by confession, where there was a want of jurisdiction, or the presiding magistrate was incapacitated to sit in the case, is void. (Ibid., and cases cited; Bates v. Thompson, 2 Chip. 124 ; Hill v. Wait, 5 Verm. 124; Low v. Rice, 8 Johns. 409.) We conclude, that the presiding judge being interested, was absolutely incapacitated to take cognizance of, or sit in the case. The

consent of parties could not remove his incapacity, or restore his competency against the prohibitions of the law; which was designed not merely for the protection of the party to the suit, but for the general interests of justice. And, consequently, the judgment rendered by him was a nullity, and left the case remaining undisposed of, as completely as if the judge had not been present at the court.

We are of opinion, therefore, that the court erred in sustaining the demurrer to the petition; and that the judgment be reversed and the cause remanded.

Reversed and remanded.