## Case No. 5,287

### GAYTES v. HIBBARD et al.

[5 Biss. 99.] [1]

District Court, N. D. Illinois. June, 1869.

BILLS AND NOTES—CERTAINTY OF TIME OF PAYMENT—CERTAINTY OF PAYEE.

1. A premium note to a mutual insurance company, payable "at such times as the directors of said company may, agreeably to their act of incorporation, require," is rendered due and payable when the directors have properly required the money to be paid.

2. If made payable to the company, "or the treasurer for the time being," these latter words are simply indicative of the officer through whom the payment might be made.

[This was a suit by Carol Gaytes, assignee of the Mercantile Mutual Fire Insurance Company, against William G. Hibbard and Franklin F. Spencer.]

Demurrer to declaration upon the following instrument, given for premium upon a policy of insurance: "For value received in policy No. 73, dated 12 August, 1865, issued by the Mercantile Mutual Fire Insurance Company of Chicago, we promise to pay said company, or the treasurer for the time being, the sum of two hundred and fifty dollars, in such portions and at such times as the directors of said company may, agreeably to their act of incorporation, require." The grounds of the demurrer appear in the opinion.

Hitchcock, Dupee & Evarts, for plaintiff.

Clarkson & Van Schaack, for defendants.

DRUMMOND, District Judge. In support of the demurrer it is insisted that the instrument sued on is not a promissory note; that it is not certain as to the person to whom the money was payable, it being to the Mercantile Mutual Fire Insurance Company or its treasurer for the time being. Secondly, that it is not certain as to the time of payment, there being no time specified in the instrument when the money was to be paid.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

And, thirdly, that there is no certainty in relation to the fact of payment at all.

I do not know that it is necessary for the court to decide whether this was a "promissory note," technically so called. The question is, whether the count in the declaration is sufficient. It avers that the directors of the company did require a certain portion of the $250 to be paid at a fixed time, naming the time, and that the money was not paid at that time, and that, by the charter of the company, the whole sum became payable.

I hold this to be a contract, in substance, to pay two hundred and fifty dollars to the Mercantile Mutual Fire Insurance Company of Chicago; the words "or the treasurer for the time being," being simply, I think, indicative that the money might be paid to the company through its treasurer.

Then the time at which payment was to be made became certain when the directors of the company, agreeably to their act of incorporation, fixed the time requiring the money to be paid. So, according to the rule, "Id certum est quod certum reddi potest," it will become certain precisely on the same principle as money payable on demand. There the time when it is payable is uncertain. It does not technically become payable until the demand is made. The demand having been made, that which was uncertain has become certain. So here, this is in the nature of a demand by the directors of the company to make payment, and when that demand is made, then the time is fixed and certain.

I think the demurrer must be overruled, with leave to the defendants to plead if they so elect.

NOTE. A written promise to pay a sum "in such manner and proportions, and at such time and place as he shall from time to time require," is a promissory note. Goshen, etc., Turnpike Co. v. Hurtin, 9 Johns. 217; Washington Co. Mut. Ins. Co. v. Miller, 26 Vt. 77. An instrument as follows: "I promise to pay M. $172 when I collect a note received from him on T.," is due and payable on the occurrence of the contingency. Walker v. Phillips, 35 Tex. 784. For a full exposition of the maxim "Id certum est quod certum reddi potest," consult Broom, Leg. Max. 599.