### J. A. FELLRATH v. A. P. GILDER.

(No. 1265, Op. Book No. 2, p. 304.)

APPEAL from Coryelle County.   Opinion by WALKER, R. S., P. J.

§ **1060.** *Disqualification of judge by relationship; certiorari granted by disqualified judge; disposition to be made of the case; relief in equity in such case.*  A judge is disqualified to sit in any case where either of the parties may be connected with him in the third degree by affinity or consanguinity. [Const. art. V, sec. 11; R. S. 1040, 1065, 1090, 1538.] A *certiorari* granted by a county judge thus disqualified is a null and void act. [Garrett v. Gaines, 6 Tex. 435; Chambers v. Hodges, 23 Tex. 104.] The disqualification of the judge extends to all such judicial orders, judgments or fiats as involve the exercise of the power which is conferred upon the judge to hear and determine upon the rights of the parties which may be involved in the case which shall be presented for his action.   It extends to all remedial writs granted by a judge.   When a *certiorari* has been granted by a disqualified judge, and the case has been docketed in his court, he has no power to dismiss the proceeding, notwithstanding it is a void proceeding.   All the action that he can legally take in the case is to transfer it to the district court.   [5 Peck, 483; 9 Peck, 287; 21 Peck, 101; 3 Cush. 252; 23 Ala. 85.]   Even the consent of the parties could not confer upon him the authority to do more than transfer the case.   [Chambers v. Hodges, 23 Tex. 104; Oakley v. Aspinnal, 3 Comst. 547.]   In the case last cited it was said: "The party who desired it might be permitted to take the hazard of a biased decision, if he alone were to suffer for his folly, but the state cannot endure the scandal and reproach which would be visited upon the judiciary in consequence."   The proper direction to be given to the cause is to transfer it to the district court, and whatever objections to the validity of the proceed-

ing which brought the case to the county court can there be properly heard and determined. [Const. art. V, sec. 16.] Under this provision of the constitution, the district court has original jurisdiction of such a case, and would have the power, upon proper and sufficient showing made by the plaintiff in the *certiorari*, to grant him such relief in the premises as equity might entitle him to, so as to enable him to maintain and have a hearing upon his *certiorari*.

February 23, 1881.      Reversed and remanded.