### R. P. DICKS v. AUSTIN COLLEGE.

(No. 1502, Op. Book No. 2, p. 317.)

1 w 603
§ 1068
3 w 392

APPEAL from Grayson County.    Opinion by WATTS, J.

§ 1068. *Disqualification of judge from interest.* This action was founded upon a written subscription contract, whereby the subscribers bound themselves, upon certain conditions, to pay certain sums subscribed by them, re-

spectively, to Austin College. Appellant was sued to recover his subscription. The county judge who tried the case was also a subscriber upon said instrument, and owed a balance on his subscription. Appellant objected to the judge sitting in the case, upon the ground that he was disqualified by reason of interest. *Held*, the constitution provides that "no judge shall sit in any case wherein he may be interested," etc. [Art. V, sec. 11.] The interest sufficient to disqualify a judge under the constitution is a direct interest in the subject matter of the litigation. And it matters not how slight, if he has any direct interest in the case he would be disqualified, and any judgment rendered by him in the case would be void. [Taylor v. Williams, 26 Tex. 585; Chambers v. Hodges, 23 Tex. 112.] The county judge was not jointly or severally bound with appellant for any part of the money sued for; in other words, he had no interest whatever in the payment or non-payment of the same. A decision in respect to that matter would neither increase or diminish his liability to the appellee for the balance he still owed on his subscription. There was no privity whatever between appellant and the judge, with reference to their respective liabilities for the separate amounts subscribed by them. One was in no way bound for the payment of the subscription of the other. In this respect they were strangers. The county judge had no such direct or pecuniary interest in the subject matter of this suit as would disqualify him from sitting in the case. [Glavecke v. Tijirina, 24 Tex. 663.]

§ **1069.** *Mutilated instrument; evidence.* Where an instrument declared upon is mutilated, and such mutilation is averred and explained in the pleadings, there is no necessity for an affidavit in regard thereto, to render it admissible in evidence, where proof other than that of the party himself is offered to explain the mutilation and establish the facts in regard to the execution and validity of such instrument. [Withee v. Fearing, 23 Tex. 506.]

June 18, 1881.                                    Affirmed.