STRANG and another vs. THE BELOIT & MADISON RAILROAD COMPANY.

It is no ground for setting aside and quashing at the instance of the railroad company, a report of commissioners appointed to assess the value of the land taken for the road of the company, and the damages sustained by the owner, that two

of the commissioners, when they were appointed and made their report were stockholders in the company.

Where a railroad company is about to build its road, and it proceeds to condemn land under its charter for the use of the road, it should define with precision the location and quantity required, so that the owner of the land may know the extent of the claim that is made.

Where land has already been taken for the track of a railroad, and the road has already been located and built and is being operated, a report of commissioners thereafter made, appraising the value of the land taken and assessing damages for taking it, in which a diagram is inserted showing the shape of the land and the course of the road across it, stating upon which sub-division of a particular section the land taken is located; contains a certain and sufficient description of the land taken and used, though no actual survey by courses and distances be made.

APPEAL from the Circuit Court for *Rock* County, from an order of the circuit court for that county, quashing the report of commissioners to appraise the damages sustained by *Strang & Thompson*, by reason of the construction of the railroad of the Beloit & Madison railroad company across their lands. On the 27th day of July, 1862, the circuit judge of the first circuit, on the application of *Strang & Thompson*, under chap. 45, Laws 1852, (the charter of said company) appointed Jacob West, Jonathan Cory and Gabriel Crist, commissioners to appraise the damages sustained by them by reason of the construction of the railroad of said company over their lands. The commissioners proceeded to perform the duties assigned to them, and on the 25th of August, 1862, made and filed in the office of the clerk of the circuit court for Rock county, their report of such appraisal, stating among other things, that the lands of *Strang & Thompson* lay in the shape represented by a diagram showing the course of the railroad through them, annexed to their report, and that "at the entrance of the road into *Strang's* land from the south, there is a slight embankment, which increases in height as the road proceeds northward, till at a point about sixty rods from the spot where the road enters the land, the embankment is about eight feet high above the general level, and so continues till the road strikes the south line of *Thompson's* land, and the embankment increases slight-

ly all the way, till near the western boundary of *Thompson's* land, where it falls off slightly.    We also find that on *Thompson's* land said company has gone outside of the strip of 100 feet, along which the track of the railroad is laid, and taken away earth for the uses of said road over a space of thirty-four square rods, as near as we can estimate, rendering such thirty-four square rods of land wholly useless for cultivation." They reported that they appraised the value of the land taken by said company for the purpose of their road in the west half of the south-east quarter of sec. 30, town 3, range 11, belonging to *Strang*, at the sum of $120, and the damage or injury which he had sustained by reason of the taking and using thereof by said company for their road, over and above all the benefits and advantages which he derived from the construction of the road was the sum of $150.    The value of the lands taken by said company for the purpose of their road in the west half of the north-east quarter of sec. 30, town 3, range 11, belonging to said *Thompson*, they estimated at $100, and his damages by reason of the taking and using of the same for that purpose, over and above the benefits and advantages he derives from the construction of the road, at the sum of $150.    On the 19th of September, 1862, the attorney of the railroad company served on the attorney of *Strang & Thompson*, a notice of a motion to squash and strike from the files of the court, the said report, because at the time of their appointment and their action in the premises, two of said commissioners, West and Cory, were each stockholders and corporators of said company, and were not disinterested persons as required by law, and for that the law required the damages to be assessed as of the time when the land was taken for the purposes of said road, which was in 1853, whereas the same was appraised as of the 25th day of August, 1862, and because the said report did not define and ascertain what quantity of land in gross, nor of what width and length of land was taken, or what number of acres was intended to be condemned, so that the same could be ascer-

tained from the report, but that the same was wholly indefinite and uncertain and therefore void. Affidavits were served and used on the hearing showing that Cory and West, were at the time of their appointment, and at the time they so acted as such commissioners, interested in said company as stockholders therein. The circuit court made an order on said motion, quashing and dismissing the proceedings of the commissioners, from which *Strang & Thompson* appealed.

*H. K. Whiton,* for appellants.

*J. D. W. Parker,* for respondent. 1. The commissioners should be disinterested men. It cannot be tolerated that a man shall be judge in his own cause. Laws 1852, chapt. 45, sec. 11; 4 Ohio St., 675. If these men were disqualified to act, neither the judge making the appointment, nor the parties by consent, could purge them of the disability. *Bell vs. Tombigbee R. R. Co.,* 4 Smedes & Marsh, 549. Every fact necessary to give the court jurisdiction in a summary proceeding, must appear of record to give the judgment validity, otherwise the judgment is void. *Hamilton vs. Burram,* 3 Yerg., 355. 2. The lands for which damages are given to the appellants, and for which the respondent is to pay, should be described with such certainty that they may be found by a survey at least. The report shows only, that they are located on a certain sectional subdivision of land. *Walker vs. Boston & Maine R. R. Co.,* 3 Cush., 1; *Vail vs. M. & E. Railway,* 1 Zab., 189; *R. R. Co. vs. Porter,* 29 Pa., 165; 9 Ind., 123.

*By the Court,* COLE, J. The objection taken by the company, and seriously urged here, that two of the commissioners appointed to assess damages for the lands taken were disqualified because they were stockholders in the company, is a little extraordinary. We can very well understand why the appellants should object to these persons, because for the most obvious reasons, they were interested in reducing the damages as low as possible; but why the company should object we

cannot imagine; for surely the company ought to be satisfied with an appraisement made by its stockholders. It is said that it is not to be tolerated that a man is to be a judge in his own cause. This is very true, but not because in such a case the judge is likely to be biased in favor of his adversary. He is excluded from being judge in his own case for the reason that self interest in most men is ordinarily so strong, that it is much more likely to induce a person to stretch the law in his own favor than against himself. So we fully concur with the circuit judge in the opinion that the company's objection to two of the commissioners, on the ground of interest was untenable, when it appears that this interest was wholly against the appellants.

Another objection was, that the report of the commissioners did not show with sufficient certainty the boundaries of the land taken by the company for its road bed and track. If this objection had been well taken, it would afford no sufficient ground for dismissing all proceedings. But at all events, under the circumstances of this case, it ought not to prevail. The proceeding was instituted by the appellants to obtain compensation for their lands, which the company had actually taken for the use of its road, and upon which it had located its railway and was running its cars. The commissioners assessed the damage which they thought the appellants had sustained in consequence of the road crossing their land in the manner it did. They inserted a diagram in their report, showing the shape of the lands and the course of the railroad through them. They did not, however, run out the strips taken by the company by courses and distances. Nor do we think it was necessary they should. As the road had been located, there was no difficulty in identifying the property taken by means of the report and diagram. In a case where a company proceeds to condemn land under its charter, there is much reason for saying it should define with precision the location and quantity required, in order to apprise the owner of the extent

of the claim, and that he may know the situation of the property of which he is to be disseized. The road having been located, the description of the land in the report and accompanying diagram was sufficiently precise to ascertain the property taken by the company.

The order of the circuit court quashing the report of the commissioners and dismissing the proceedings, is reversed, and the cause remanded for further proceedings.