JANUARY TERM, 1872. 341

Wright and another vs. The Wisconsin Central Railroad Company.

WRIGHT and another vs. The WISCONSIN CENTRAL RAIL
ROAD COMPANY.

*Practice on appeal from appraisal for lands taken.*

1. Where a railroad company proceeded under its charter to obtain an appraisal of lands condemned for its road, and such proceedings were
not against the real owner, who, however, joined in an appeal from
the appraisal, it was not error for the court, on motion of the company, to dismiss the proceedings and set aside the award, with costs
in favor of the appellants, as in the case of a nonsuit.
2. Whether or not the real owner, after voluntarily becoming a party to
the proceedings, would have been bound by a final judgment of the
court upon the merits (a point not decided), the company should be
allowed, at any time before such judgment against it, to discontinue,
upon equitable terms, proceedings thus inadvertently commenced,
with a view to new proceedings against the true owner of the land.

APPEAL from the Circuit Court for *Waupaca* County.

The case sufficiently appears in the opinion of the court.

*E. L. Browne*, for appellants, contended that the railroad
company had no right, without good cause shown, to discontinue the proceedings for the appraisal of damages instituted by
it, after an appeal had been taken therefrom and the appellants
had given notice of trial, and been at great trouble and expense
to prepare; that to allow the company to do so after it had by
the provisions of its charter acquired a vested right and interest in the appellants' land by locating the road through it,
would deprive the appellants of all remedy in the premises; and
that the charter of the company did not give the court power
to set aside the report of the commissioners upon motion;
citing, *In Matter of Beekman Street*, 20 Johns., 268; *Albany
Northern R. R. Co. v. Cramer*, 7 How. Pr. R., 164; *Visscher v.
Hudson Riv. R. R. Co.*, 15 Barb., 37; 2 Hill, 14.

*Myron Reed*, for respondents, argued that although a party
who has instituted a proceeding, might not have an absolute
right to abandon or discontinue the same, yet, in practice, his
right to do so upon payment of costs was conceded; and for

the court to grant him leave to do so on terms was an exercise of its discretion, which would not be interfered with; that in cases where no right has vested in either party and there has been no final order confirming the report of the commissioners, the proceedings may be set aside or abandoned, citing *Hudson Riv. R. R. Co. v. Outwater*, 3 Sandf., 689; 11 Wend., 155; 1 id., 322; 20 id., 620; that in this case no rights in the lands have vested in the company, and none in the amounts awarded have vested in the appellants, because such amounts have not been paid or tendered; that to permit the discontinuance does not abridge or defeat any right either to apply for another appraisement or to sue the company in ejectment or trespass; and that the company could not acquire any right to the land under a judgment based on the award to *Charles Wright* alone, and there was nothing to prevent *Mrs. Wright* from withdrawing her notice of appeal.

LYON, J.   The respondent, the railroad company, having located its line of railroad upon and across certain lots of land in Waupaca county, procured appraising commissioners to be appointed as provided in its charter, and such commissioners, upon the application of the company (as appears by their report), caused to be given to the plaintiff *Charles Wright*, at the time and in the manner required by such charter, notice of their meeting to fix and determine the value of the land, portions of such lots, which the company proposed to take for the use of its railroad.   At the time appointed therefor, a majority of the commissioners made such appraisal, and specified in their reports thereof the sums to be paid by the said company to *Charles Wright*, the owner of such lots.   All of these proceedings seem to be in due form, and in all of them *Charles Wright* is recognized and treated as the owner of the land condemned.

The reports of the commissioners of such appraisal were duly filed in the office of the clerk of the circuit court for Waupaca county; and, within the time allowed by law for taking an ap-

peal from such appraisals, both plaintiffs appealed therefrom to the said circuit court. The notice of appeal, which purports to be signed by both plaintiffs, states that *Caroline L. Wright* is the owner of the lands affected by the proceedings, and that she is the wife of *Charles Wright.*

: · Subsequently, upon the motion of *Mrs. Wright,* and on her affidavit setting forth the same facts which are stated in the notice of appeal, the court granted an order making her a party plaintiff to the proceedings.

The company then moved the court "that the said action and all proceedings therein be dismissed and discontinued;" and thereupon the court made the following order :·

"It is ordered that said respondent have leave to dismiss its said proceedings, and that the said awards be set aside, and all · proceedings under them be discontinued; and it is further ordered that said appellants have costs, as in case of nonsuit granted." ·

From this order the plaintiffs, the appellants in the circuit court, have appealed to this court.

The case of *Strong v. The Beloit and Madison R. R. Co.,* 16 Wis., 635, settles the practice in proceedings like that under consideration. It was there held that, on an appeal from the appraisal of commissioners in such cases, the company, for the benefit of which the land is sought to be condemned, will not be permitted to dismiss the proceedings, unless good cause therefor be shown. Was good cause therefor shown in this case? It is contended by the appellants that no cause whatever for dismissing the proceedings was shown by the railroad company; but the record shows that the damages were appraised to *Charles Wright,* who was not the owner of the land affected by the proceedings. We think this a sufficient cause for dismissing the proceedings.

The circuit court gave the appellants costs as in case of a nonsuit. In view of the fact that the erroneous proceedings were originally instituted by the company, this was equitable

and just, and leaves the appellants no reasonable grounds of complaint against the order appealed from. *Mrs. Wright* has not been delayed by the proceedings, or, at least, she has not been necessarily delayed, in obtaining compensation from the company for her land, because such proceedings did not interfere with her right to call out the commissioners at any time to appraise her damages, pursuant to the provisions in that behalf contained in the charters of the respondent. P. & L. Laws of 1866, ch. 314, sec. 18; id., ch. 362, sec. 19. See also P. & L. Laws of 1869, ch. 257; and P. & L. Laws of 1871, ch. 27.

It may be claimed that *Mrs. Wright*, by voluntarily becoming a party to these proceedings, would be barred by the judgment of the court therein, the same as though she had been treated from the first as the owner of the land, and the damages had been awarded to her as such owner, instead of her husband. But, whether she would or would not be so bound, we think that where the company has, as in this case, inadvertently commenced such proceedings against a person who is not the owner of the land sought to be condemned, it should be permitted, at any time before judgment against it upon the award of the commissioners or upon appeal therefrom, to discontinue such proceedings upon equitable terms, to the end that it may institute such proceedings against the real owner of the land. Otherwise the company might be compelled to pay twice for the same land.

The order of the circuit court must be affirmed.

*By the Court.*— Order affirmed.