[No. 3,968.]

## LOUIS JAFFE v. JOHN SKAE.

THE LAW OF A CASE.—A decision rendered in the Supreme Court upon facts appearing in the record, in which the legal effect of these facts is declared, is, in all subsequent proceedings in the case, and so long as the facts appear without material qualification, a final adjudication of the rights of the parties, from which the Court cannot depart, nor the parties relieve themselves.

PURCHASE OF LEASEHOLD INTEREST.—If a party agrees in writing to sell to another a leasehold interest which he owns in property, of which he is

in possession, and the transfer is delayed several months by the consent of the parties, the purchaser, in an action against him to recover the purchase-money, may claim compensation for the value of the use and occupation during the period of delay.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff was the owner of a lease of a lot in San Francisco, made by Madeline Curdy to Thompson and Peyton, which ran from October 1, 1864 to October 1, 1869. On the 19th of June, 1866, the lessor gave a right of renewal for five years, which the plaintiff also owned. On the 13th of October, 1868, the plaintiff assigned the lease and right of renewal to Rosenfeldt and Birmingham, as security for money loaned by them to him. On the day therein named, the plaintiff made and delivered to the defendant a writing, of which the following is a copy:

"Received, San Francisco, April 28, 1869, from John Skae, the sum of one thousand dollars in gold coin, on account payment of five thousand five hundred dollars to me for leasehold of lot on north line of Sutter street, one hundred and thirty-seven and six twelfths feet east of Kearny street; thence east thirty-four feet four and a half inches by north one hundred and four feet and six inches, which lease I now hold, and which I agree to transfer and convey to said Skae, together with the improvements on said lot for said sum of four thousand five hundred dollars balance. .

"Witness:

"T. J. GALLAGHER,                    "L. JAFFE."

The defendant then paid the plaintiff one thousand dollars of the purchase-price. The assignment of the lease and right of renewal was delayed from time to time by consent of the parties. On the 12th day of January, 1870, the plaintiff, having obtained from Birmingham and Rosenfeldt a re-assignment of the lease, tendered an assignment thereof to the defendant, and demanded the purchase-price, less the one thousand dollars. In the mean time, the plaintiff had remained in possession. When the defendant made the purchase, he was negotiating for a purchase of the fee

of the property. This action was brought to recover the purchase-price of the lease, less the one thousand dollars. The defendant, in his answer, did not claim any set-off of the value of the use and occupation from the date of the contract, April 18, 1869, until the tender of the assignment, January 12, 1870. The plaintiff, when he tendered the assignment, offered to deliver possession. The defendant refused to receive the assignment, and to pay the money.

The other facts are stated in the opinion.

*Gray & Brandon,* for the Appellant.

The legal title outstanding in another, in no way affected the case. All that was required of Jaffe was to be ready to convey to defendant, by a perfect title, whenever called upon to execute and deliver the instrument prepared by defendant's attorney for him, Rosenfeldt and Birmingham, to sign; or, if no demand was made on him to put him in default, then to be able to make title at the time it became necessary (after defendant's refusal to complete the transaction), for him to tender a conveyance. Hilliard on Vendors (2d Ed. 1868, p. 252, Sec. 6), reads as follows:

"If the vendor be willing, ready and able to make title at the time when he has contracted so to do, it is immaterial that he had no title at the date of his contract, especially where the vendee, at both periods, has notice of the facts of the case." Citing: *Tison* v. *Smith,* 8 Tex. 147; *Webb* v. *Austin,* 7 M. & G. 701; *Stowell* v. *Robinson,* 5 Scott, 196; *Shaw* v. *Rowley,* 16 M. & W. 810; *Chamberlain* v. *Lee,* 10 Simons, 445.

*Wm. M. Pierson,* for the Respondent.

By the Court, WALLACE C. J.:

When this cause was before us on a former appeal, the judgment and order denying a new trial were reversed and in the opinion then delivered, we said: * * * "Upon looking into the record we observe no substantial conflict in the evidence, and we think that it established the case of

the plaintiff." The case having been again tried in the Court below and judgment rendered for the defendant, this appeal is taken from the judgment, and it is insisted by the appellant that, upon the law of the case, as settled here upon the former appeal, the plaintiff is entitled to judgment.

1. It has always been the settled rule in this Court that a decision rendered here upon facts appearing in the record, in which the legal effect of those facts is declared, is, in all subsequent proceedings in the case, and so long as the facts themselves appear without material qualification, a final adjudication of the rights of the parties, from which the Court can not depart, nor the parties relieve themselves. This rule was laid down here in the early case of *Dewey* v. *Gray* (2 Cal. 374,) which, in this respect, adopted the views of the Supreme Court of the United States, enunciated in *Washington Bridge Co.* v. *Stewart et al.* (3 How. 413), and the rule itself has been since uniformly maintained in this Court.

2. It is insisted, however, by the respondent, that the facts now appearing are, within the sense of the rule referred to, materially different from those appearing on the first appeal in this: that it now appears "that at the time the appellant made his contract with the respondent, April 28, 1869, he had no title whatever to the leasehold and right of renewal claimed to be owned by him, he having previously assigned both said lease and covenant of renewal to Birmingham and Rosenfeldt." But it also appears that in point of fact the assignment to these last named persons was not absolute, but only by way of mortgage security for money loaned to the appellant, and that the respondent was cognizant of the facts when he entered into the agreement of purchase, the appellant undertaking to obtain a re-assignment from Birmingham and Rosenfeldt. The title to the leasehold, which was the subject of sale, had not, therefore, passed from the appellant at the time of the making of the contract with the respondent. In January, 1870, the appellant obtained from Birmingham and Rosenfeldt a release of their mortgage lien in

the form of a re-assignment of the leasehold, and tendered a proper assignment of the leasehold to the respondent, who then declined to receive it. It should have been observed that in the contract of sale, dated April 28, 1869, no time is fixed for the completion of the contract by the delivery of the assignment, and it is found by the Court below that the time for the completion of the contract had been postponed by mutual consent of the parties, from time to time, until about the middle of the following month of October. At some time between the middle of October, 1869, and the month of January following, the respondent, for the first time seems to have repudiated the agreement, and on the 12th of the latter month the appellant made the tender already referred to. We discover nothing in the facts of the case now presented, different in any particular material to be considered, from the facts as presented on the former appeal.

These views dispose of the case; but referring to the general line of argument pursued by the counsel for respondent, it may not be improper to add that a particular examination of the contract of April 28, 1869, will disclose the fact that the appellant agreed to sell to the respondent only the then existing term, which would expire on the first day of October, 1869, and did not agree to sell the right of renewal, which was a separate covenant made by the lessor nearly two years after the creation of the term.

The respondent, in his answer, had he chosen to do so, might have claimed compensation of the appellant for the value of the use and occupation of the premises subsequently to April 28, 1869, and so reduced the recovery to that extent. But no such claim was made upon his part.

Judgment reversed and cause remanded, with directions to render judgment for the plaintiff according to the prayer of his complaint.

Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.