## W. B. P. Gains et al. v. Robert Barr et al.

(Case No. 1572.)

1. DISQUALIFICATION OF JUDGE.— When, in a suit pending, the sister-in-law of the judge of the court is interested in an estate, which is involved in the action by the administrator being a party, the judge is disqualified from trying the cause, though the name of the sister-in-law be not mentioned in the pleadings.
2. SAME.— Such a judge can make no order dismissing the suit as to the estate and thus qualify himself to sit and adjudicate upon the rights of the remaining parties. Citing Garrett v. Gaines, 6 Tex., 435; Chambers v. Hodges, 23 Tex., 112; and Hodde v. Susan, 58 Tex., 394.

ERROR from Harris. Tried below before the Hon. James Masterson.

Defendants in error brought this suit against plaintiffs in error and others to set aside and annul certain orders of sale, sales, and confirmations thereof, made by order of the probate court of Har-

ris county, in the estate of Robert Barr, deceased, administered on by one Jacob De Cordova.

Defendants in error, claiming as the children and heirs of Robert Barr, deceased, alleged in substance that the administration, and all the orders and proceedings therein had, were irregular and illegal; that the sales were procured and made by plaintiffs in error and the administrator fraudulently, and for the purpose of defrauding defendants in error, and that there were no valid and subsisting debts against the estate at the time the order was procured and the sales made, etc.

A change of venue was ordered to Fort Bend county, the presiding judge being related to one of the heirs of Alexander Ewing, deceased, whose estate was a party to the suit.

The district court of Fort Bend county ordered that the case be returned to the district court of Harris county. On May 1, 1880, the cause came on for trial and none of the defendants therein appeared. An order was made discontinuing the cause as to several of the original defendants, among them the estate of Alexander Ewing, deceased. Judgment was then rendered against plaintiffs in error vacating and annulling the sales. Other facts appear in the opinion.

*Goodrich & Clarkson*, for plaintiff in error.

No briefs on file for defendant in error.

WATT, J. COM. APP.— It is claimed that the judgment is erroneous and void because the judge who rendered it was not qualified to sit in the cause. The constitution provides that "no judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him by affinity or consanguinity, within such degree as may be prescribed by law." The statute declares that no judge shall sit in any cause where either of the parties may be connected with him by affinity or consanguinity within the third degree.

From the motion presented by the defendants in error for change of venue, as well as the recitals contained in the order granting the same, it is made to appear that A. R. Masterson is a brother of the judge who presided in the court below; that the wife of A. R. Masterson is the daughter of Alexander Ewing, deceased, whose estate is a party to the suit represented by the administratrix.

When the cause came on for trial, an order was made and entered

discontinuing the same as to the estate of Ewing. If, as claimed, the presiding judge was disqualified by reason of his relationship with the wife of A. R. Masterson, then it is clear that he could not enter an order of discontinuance as to the party whose interest works the disqualification, and in that way qualify himself to sit in the cause. For, as was held in Garrett v. Gaines, 6 Tex., 435, an order dismissing a suit made by a judge who was disqualified from sitting in the cause is a nullity.

In Chambers v. Hodges, 23 Tex., 112, it was said: "Consent cannot give jurisdiction or capacitate a person legally incompetent to sit in judgment in a case. Accordingly, it has been held that a judgment rendered by confession, where there was a want of jurisdiction, or where the presiding magistrate was incapacitated to sit in the case, is void, etc., etc. The consent of parties could not remove his incapacity, or restore his competency against the prohibitions of the law, which was designed not merely for the protection of the party to the suit, but for the general interest of justice."

The name of Mrs. A. R. Masterson was not upon the docket as a party, nor was it mentioned in the pleadings. But any judgment rendered against the administratrix of her father's estate, vacating and annulling the sales, would as effectually bind her interest as if she had been before the court in person; and any judgment rendered in favor of the administratrix would have inured to her benefit.

In a recent case the present chief justice said: "A narrow or contracted construction of the term 'party,' which confines it to the very person named on the docket as such, and excludes such as stand precisely in the same relation, would often defeat the end had in view of having justice impartially administered, free from the bias and influence produced by the interest held in the cause by the judge or his relations." Hodde v. Susan, 58 Tex., 394. As Mrs. Masterson was related to the presiding judge within the prohibited degree, and as any judgment therein rendered against Ewing's estate would bind her, and any judgment rendered in favor of the estate would inure to her benefit, we are of the opinion that the judge was disqualified, and that the order of discontinuance and judgment therein made and rendered by him are void.

It is not necessary to discuss the merits of the controversy further than to remark that, if the administration was void, that then no order therein made would be legal or binding. But if the administration was properly opened, and the sale was made, as charged, by and through the fraud of the administrator and the purchasers,

then, if the suit was brought within the time prescribed, the sales would be annulled and set aside as to those who participated in the fraud or had notice thereof before they purchased.

The fact that the petition for the sale of the land was not accompanied by a statement of the claims against the estate does not affect the validity of the sale. The statute requiring an application for a sale of land to be accompanied by an estimate of the expenses of administration and a list of claims, etc., has been held to be directory. Robertson v. Johnson, 57 Tex., 64.

. In McNally v. Haynie, Texas Law Review, vol. 2, p. 66, it is in effect held that the purchaser at administration sale is chargeable with the vices disclosed by the application for the sale, accompanying exhibits, if any, and the order of sale; and that he may rely upon these, and is not bound to go behind them.

Our opinion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted March 7, 1884.]