[No. 1250.]

## F. A. A. FREVERT, Respondent, *v.* S. T. SWIFT et al., Appellants.

Bond to Stay Execution—Approval of:—The district judge of the district where the cause was tried—unless disqualified—may approve the undertaking to stay execution, notwithstanding the fact that the case was tried before another judge.

Judgment—Complaint—Variance—Frivolous Objections.—An objection to the admission of a judgment roll in evidence, on the ground of variance between the averments of the complaint and the judgment roll, where one named the amount of the judgment and costs *in solido* and the other stated the amounts separately, is frivolous.

UNDERTAKING—"GOOD AND SUFFICIENT."—Appellants, in order to procure a
stay of execution on a judgment for seven hundred and seventy-eight
dollars, pending a motion for a new trial, gave an undertaking condi-
tioned—among other things—that if the new trial was denied, the prin-
cipal should give a good and sufficient undertaking on appeal: *Held*, that
an undertaking on appeal, given by the principal, in the sum of three
hundred dollars, was not a "good and sufficient undertaking" within the
contemplation of the provisions of the previous undertaking.

APPEAL from the District Court of the Second Judicial Dis-
trict, Ormsby County.

*A. C. Ellis* and *J. R. Judge*, for Appellants:

*Robert M. Clarke*, for Respondent:

By the Court, HAWLEY, J.:

Respondent, in September, 1885, recovered a judgment
against appellant Swift for seven hundred and sixty-seven dol-
lars and thirteen cents, and eleven dollars and seventy cents,
costs of suit. The cause was tried in Ormsby County before
Hon. M. A. Murphy, district judge of the third judicial dis-
trict. For the purpose of procuring a stay of execution on said
judgment, pending the hearing of a motion for a new trial
therein, Swift, as principal, and appellant Sweeny and Phil-
lips, as sureties, executed an undertaking in the sum of one
thousand five hundred and fifty-seven dollars and seventy-
five cents, double the amount of the judgment, conditioned
" that said Swift will pay the amount of said judgment, and all
costs that may be awarded against him on the hearing of said
motion should a new trial be denied, unless upon the decision
of said motion, if a new trial be denied, said Swift shall give
a good and sufficient undertaking on appeal to the supreme
court of the state of Nevada, then this obligation to be void;
otherwise, to remain in full force and effect." This undertaking
was approved by Hon. T. D. Edwards, district judge of the
second judicial district, and an order was thereupon made by
said judge staying the execution of said judgment pending the
hearing of the motion for new trial. The motion for a new
trial was denied. Appellant Swift thereafter filed an under-
taking on appeal in the sum of three hundred dollars, in the
form required by the statute, for the payment of damages and

costs which might be awarded against him on appeal. The questions presented upon this appeal by appellants are: *First*— Did the court err in overruling a demurrer to the complaint? *Second*—Did the court err in permitting respondent to introduce in evidence the judgment roll in the case of *Frevert* v. *Swift? Third*—Can appellants be held liable upon the conditions named in the undertaking?

1. It is argued that the demurrer snould have been sustained, because the undertaking to stay execution "was not approved by the judge who tried the cause in which said undertaking was given"; and it is stated by counsel for appellants that "the judge who approved the same was disqualified from presiding at the trial of the cause." It does not appear from any averment in the complaint that the judge who approved the undertaking was disqualified; hence this point could not be raised by a demurrer. The question whether the judge was disqualified was a question of fact, to be determined from the evidence submitted at the trial of this cause. In this connection we deem it proper to state that we have carefully examined the statement on appeal, and have been unable to find any evidence, or the statement of any fact, touching the disqualification of the district judge. It is true that counsel for appellant "objected to the introduction of said bond in evidence, upon the ground that said bond was not approved as required by rule 26 of said court, it appearing that Hon. T. D. Edwards, who was disqualified from trying said cause, * * * had approved said bond"; but this cannot be considered as evidence, or as a statement of a fact. How did it appear that the judge was disqualified? It did not appear from any of the averments in the complaint. It did not appear from any statement in the undertaking. There is no such statement in the judgment roll, and there is no evidence or statement of such fact, if it be a fact, in the statement on appeal. "If counsel wish to establish a fact on which this court can act, they must do it by the introduction of evidence, the admission of the opposite counsel, a certificate of the judge who tried the case, or a positive statement of the circumstances as having in some way been shown on the trial." (*State* v. *Manhattan S. M. Co.*, 4 Nev. 329; *Doll* v. *Anderson*, 27 Cal. 252; *Clark* v. *Sawyer*, 48 Cal. 141; *Doyle* v. *Franklin*, 48 Cal. 540.) Rule 26 of the district court does not require that the undertaking to stay execution shall be approved by the

judge *who tried the case.* Its provisions are that no stay of execution upon motion for new trial shall be granted except " on the giving of a good and sufficient undertaking, in manner and form as other undertakings are given, to be approved by the judge. * * *" Under the provisions of this rule the district judge of the district where the cause was tried, unless disqualified, could approve the undertaking, notwithstanding the fact that the case had been tried before another judge.

2. The objection to the admission of the judgment roll in *Frevert* v. *Swift*, on the ground of a variance between the averments of the complaint and the judgment roll, is frivolous. The complaint alleges that the plaintiff in said action recovered a judgment for seven hundred and seventy-eight dollars and eighty-three cents. The judgment roll shows that plaintiff recovered a judgment for seven hundred and sixty-seven dollars and thirteen cents, and costs taxed at eleven dollars and seventy cents, making a total of seven hundred and seventy-eight dollars and eighty-three cents, as averred on the complaint.

3. The undertaking on appeal in the sum of three hundred dollars was not sufficient to stay execution on the judgment. (Gen. Stat. 3364.) It was not " a good and sufficient undertaking on apppeal," within the contemplation of the provisions of the undertaking given by appellants to secure a stay of execution pending a motion for a new trial. As the conditions of the bond were not complied with, it follows that the sureties thereon were not released from liability.

The judgment of the district court is affirmed.