COHN v. SAENZ et al.　(No. 5835.)

(Court of Civil Appeals of Texas. San Antonio. April 18, 1917.)

1. JUDGES ⚫15(1) — SPECIAL JUDGES — AUTHORITY.

Acts 34th Leg. c. 45, authorizing appointment of a special judge where sickness or other reasons render it impossible for the disqualified judge to exchange with a regular judge, permits an appointment only when the exchange is impossible in fact.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 48–50.]

2. JUDGES ⚫15(1) — SPECIAL JUDGES — AUTHORITY.

Under Acts 34th Leg. c. 45, authorizing appointment of a special judge when a disqualified judge finds it impossible to exchange with a regular judge, the disqualified judge's conclusion that it was impossible to exchange is not conclusive, and his desire to try other cases is not a reason rendering an exchange impossible.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 48–50.]

3. JUDGMENT ⚫9—SPECIAL JUDGES—VALIDITY OF ACTS.

Where the appointment of a special judge was unauthorized, orders made by him, including a judgment based thereon, were void.

Appeal from District Court, Jim Wells County; V. W. Taylor, Judge.

Action by Rufino Saenz and others against M. D. Cohn. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

J. O. Scott, of Corpus Christi, and W. W. McCampbell, of Alice, for appellant. Jas. M. Taylor, of Corpus Christi, and Jno. A. Pope, of Laredo, for appellees.

SWEARINGEN, J. This is a suit by appellees against appellant to recover damages for personal injuries suffered by Josefina Saenz, the wife of Rufino Saenz.

The case was tried with a jury and with a practicing attorney, appointed for the trial of this cause by the Governor, after notice that the regular judge was disqualified by reason of having been previously one of the counsel for one of the parties to the litigation, and that the parties could not appoint a special judge by agreement. No effort was made to order an exchange of districts by judges of adjoining districts, for the reason that the regular judge of the district having venue of this cause notified the Governor that an exchange would be impossible. The jury returned a verdict in favor of appellees for $5,350, upon which judgment was rendered.

The first assignment of error attacks the authority of the special judge to preside.

[1] When a judge of the district court is disqualified to try any cause because of having been of counsel for one of the parties to the cause, and the parties to the suit cannot appoint a proper person to try the case by consent, the Constitution (article 5, § 11) provides that a competent person may be appointed to try the same in such manner as may be prescribed by law; and the same section of the Constitution further provides that district judges shall exchange districts and hold court for each other when required by law. Authorized by the above constitutional provision, and for the purpose of carrying it into effect, the Legislature enacted the law relating to disqualification of district judges. Chapter 45, p. 86, General Laws of Texas, 34th Leg. 1915. There is no other law that can confer authority upon a person to act as special judge in Texas except the one above mentioned. This law requires that some district judge in an adjoining district exchange

districts with the disqualified judge and try the case. This is mandatory. No person can be empowered to sit in the place of a regular judge who is disqualified and try a case unless sickness or other reasons render it impossible for the disqualified judge· to exchange with a regular judge of an adjoining district—only when the exchange is impossible in fact. Whether or not, in fact, an exchange is impossible can be inquired into.

[2] The conclusion of the disqualified judge that it was impossible to exchange is not conclusive. The evidence in the present record shows that the reasons which the disqualified judge concluded were sufficient to render the exchange impossible were that he desired to try other cases than the one at bar at .that term. Without undertaking to define the word "impossible," as used in this law, or to give illustrations of what the word, as used, does mean, we are of the opinion that the desire of the disqualified judge to try other causes pending before him is not a reason that renders the exchange of districts impossible, and the conclusion of the disqualified judge that it did, cannot, and does not, authorize the Governor to confer the power of a special district judge upon the practicing attorney who presided over the trial of this cause, splendid and upright lawyer though he is, as the members of this court personally know.

[3] The special judge having no power of a district judge every order made by him, including the judgment, is void. Oates v. State, 56 Tex. Cr. R. 571, 121 S. W. 376; Pickett v. Michael, 187 S. W. 426 ; Dunn v. Home Nat. Bank, 181 S. W. 700; Miller v. State (Tex. Cr. App.) 91 S. W. 582; Summerlin v. State, 69 Tex. ·Cr. R. 275, 153 S. W. 892; Abrams v. State, 31 Tex. Cr. R. 449, 20 S.·W. 987.

The judgment is reversed, and the cause remanded.