JOS. HANLEY, Appellee, v. IOWA ELECTRIC COMPANY, Appellant.

EMINENT DOMAIN: Compensation—Appeal. Where the condemnor alone has appealed from the assessment made by a sheriff's jury under Secs. 2120-n *et seq.*, Code Supp., 1913, he may, after the appeal has been docketed and the trial begun, dismiss the same, and the landowner cannot object thereto; as, having had the right to appeal, and having failed to exercise the same, he impliedly acquiesced in the assessment as made by the jury.

*Appeal from Guthrie District Court.*—LORIN N. HAYS, Judge.

OCTOBER 25, 1919.

THIS is a condemnation proceeding, under the provisions of Section 2120-n *et seq.*, Code Supplement, 1913. From the assessment of the sheriff's jury, the condemnor corporation appealed to the district court. From an adverse judgment there, it has again appealed.—*Reversed.*

*John A. Reed, Wm. Smyth,* and *Milligan & Moore,* for appellant.

*A. M. Fagan,* for appellee.

EVANS, J.—The landowner did not appeal from the assessment of the sheriff's jury. The case being docketed in the district court on the appeal of the condemning corporation, and the trial thereof having been begun, the corporation dismissed its appeal. The landowner objected to such dismissal, and insisted upon a trial of the proceeding. The trial court sustained the objection, and denied to the corporation the right to dismiss its appeal. By further proceedings, a larger verdict was rendered in the district court than that rendered by the sheriff's jury. The first question presented herein for our consideration is, Did the cor-

poration have the right to dismiss its appeal? On the surface, it would seem that the landowner could have no interest adverse to such dismissal. The claim in his behalf is that, if the dismissal were permitted, it would prevent the landowner from trying his case in the district court, and would thereby deprive him of the right to obtain a larger verdict than that of the sheriff's jury: that is to say, that it would put the corporation in the control of the landowner's right to a trial *de novo*. Under the statute, one or both parties had the right to appeal from the assessment of the sheriff's jury. Only the corporation did so. The failure of the landowner to appeal would not prevent him from claiming larger damages in a trial *de novo* on appeal, in the same manner as though he himself had appealed. We do not see, however, how this militates against the right of either party to dismiss his own appeal. If the corporation had dismissed its appeal immediately after taking the same, while there was yet time for plaintiff to take an appeal, the argument now made for plaintiff would not be availing. In such case, he could avail himself of control of the litigation by taking appeal himself. And yet, if the corporation had a right to dismiss its appeal at any time after taking it, when did it lose such right of dismissal? If the dismissal of its appeal by the corporation would deprive the landowner of control of the litigation, such fact was apparent when the plaintiff waived his appeal. He could have maintained control of the litigation by taking an appeal. His attitude in waiving the same was an implied declaration that he was willing to accept the assessment of the sheriff's jury, in preference to further litigation. Why, then, should not the corporation be permitted to find a place of repentance, and acquiesce in the same finding? Some stress is laid in argument by appellee on the fact that, under the statute, the landowner is named as plaintiff, and the condemnor as defendant. This does not change the fact

that the case was in the district court upon the appeal of the condemnor, and that the landowner had declined to take an appeal. We see no reason, in statute or principle, why either party appealing in such case may not dismiss his own appeal. If one party cannot, what reason would there be for finding that the other can? If an appealing party cannot dismiss his own appeal, who can dismiss it?

In *Ellis v. Carpenter*, 89 Iowa 521, which was an appeal by the condemnors from an assessment of damages for establishing a highway, such condemnors dismissed their appeal. In that case, we held:

"They had the undoubted right to do so. We know of no case in which the appellant has not the right to abandon his appeal taken from an inferior court to a court having appellate jurisdiction."

As bearing indirectly on the case, we held, in *Klopp v. Chicago, M. & St. P. R. Co.*, 142 Iowa 474, that, pursuant to the statute, the condemnor has the right at any time, even after verdict, to abandon and dismiss the entire proceeding. In other jurisdictions, this right of dismissal is sustained in the following cases: *Fall River R. Co. v. Chase*, 125 Mass. 483; *Wright v. Wisconsin Cent. R. Co.*, 29 Wis. 341; *Upper Coos R. Co. v. Parsons*, 66 N. H. 181; *Austell v. City of Atlanta*, 100 Ga. 182.

We hold, therefore, that the condemnor had a right to dismiss its appeal. The trial court erred in its refusal to recognize such right. It was erroneous, therefore, to proceed further with the trial. The order entered below is, therefore, reversed, and the cause remanded, with directions to the trial court to permit the dismissal of the appeal.— *Reversed.*

LADD, C. J., PRESTON and SALINGER, JJ., concur.